UNITED STATES DISTRICT COURT

Northern District of California

Oakland Division

| | |
|---|---|
| WILLIAM HAMILTON, | No. C 11-00888 LB |
| Plaintiff, | **ORDER RE DISCOVERY LETTER** |
| v. | [ECF Nos. 27 and 32] |
| RADIOSHACK CORPORATION, *et al.*, | |
| Defendants. | |

Plaintiff William Hamilton and Defendant RadioShack Corporation filed a joint discovery letter in which the parties discussed whether RadioShack must produce documents pertaining to all complaints made about Basem Aybef that allege his having subjected any employees or third parties to harassment, discrimination, and/or retaliation or only those complaints that allege age discrimination. Joint Letter, ECF No. 27 at 1-3 (setting forth Plaintiff's Request Nos. 10 & 11 and Defendant's responses).[1]

At the case management conference on October 13, 2011, the court addressed this issue. The court expressed its view that the inquiry as to scope is fact specific[2] and, in this context, all

---

[1] Citations are to the Electronic Case File ("ECF") with pin cites to the electronic page number at the top of the document, not the pages at the bottom.

[2] *See Ceramic Corp. of America v. Inka Mar. Corp.*, 163 F.R.D. 584, 589 (C.D.Cal.1995) ("In recent years, the courts have routinely ordered the production of personnel files of third parties in employment discrimination and police brutality cases."); *but see El Dorado Savings & Loan Assn. v. Superior Court*, 190 Cal.App.3d 342, 345-46 (Cal. Ct. App. 1987) (non-party's personnel file was

1  complaints against Aybef from the last ten years must be produced unless RadioShack produced
2  evidence that producing these complaints would be unduly burdensome.  In its updated case
3  management statement, Defendant conceded that producing all complaints would not be unduly
4  burdensome.  Updated Joint Case Management Statement, ECF No. 32 at 2.  Accordingly, the court
5  **ORDERS** RadioShack to produce all complaints against Aybef made in the past ten years.  *See*
6  *generally Hecht, Solberg, Robinson, Goldberg & Bagley v. Sup.Ct.*, 137 Cal.4th 579, 595 (2006)
7  ("[D]oubts as to relevance should generally be resolved in favor of permitting discovery.").

8  In the updated case management conference statement, citing privacy concerns, RadioShack
9  requested that the names and other identifying information of the complainants be redacted, at least
10 at this stage, if the court ordered the complaints produced.  *Id.* at 6.  Hamilton argues that it needs
11 the information and that an employee can have no reasonable expectation of privacy concerning his
12 or her participation in an employer's legally required investigation of allegations of workplace
13 harassment, discrimination or retaliation.  *Id.* at 4.

14 Hamilton's cited legal authorities do not support its position that an employee has no reasonable
15 expectation of privacy regarding his or her workplace complaints.  A person's work history (e.g.,
16 names of employers, dates of employment, job titles, full or part-time — all of which presumably are
17 implicated by the workplace complaints) is protected by a right of privacy.  *See Alch v. Sup.Ct.*, 165
18 Cal.4th 1412, 1426-1427 (2008).  Also, confidential personnel files at a person's place of
19 employment are within a zone of privacy.  *Board of Trustees of Leland Stanford Jr. Univ. v. Sup.Ct.*,
20 119 Cal.3d 516, 528-530 (1981).  And so, at this stage, in recognition of these interests and in order
21 to manage the costs of the discovery process, the court **ORDERS** that RadioShack may produce
22 redacted versions of the complaints.

23 But these privacy rights are not absolute.  *See Britt v. Sup.Ct.*, 20 Cal.3d 844, 855 (1978); *see*
24 *also Crab Addison, Inc. v. Sup.Ct.*,169 Cal.4th 958, 974 (2008) (requiring employer to disclose
25 contact information for employees who were potential class members even if they had signed a form
26 stating they did not consent to release of such information based on public policy favoring class
27
28

protected by right to privacy in employment discrimination case).

C 11-00888 LB
ORDER RE DISCOVERY LETTER                    2

1 actions to enforce employees' statutory wage and overtime rights). And the court has determined
2 that all complaints filed against Aybef within the past ten years are relevant and the information
3 contained within might be necessary for the fair resolution of the case. Moreover, a "protective
4 order is a safeguard for the protection of information admittedly subject to privacy concerns." *Alch*,
5 165 Cal.App.4th at 1427. Accordingly, if Hamilton determines that the identifying information for
6 specific complainants is necessary, the court **ORDERS** RadioShack to produce unredacted versions
7 of the complaints subject to an appropriate protective order.
8     This disposes of ECF Nos. 27 and 32.
9 **IT IS SO ORDERED.**
10 Dated: October 31, 2011

                                  LAUREL BEELER
                                  United States Magistrate Judge