UNITED STATES DISTRICT COURT

Northern District of California

Oakland Division

| | |
|---|---|
| WILLIAM HAMILTON,<br><br>        Plaintiff,<br>   v.<br><br>RADIOSHACK CORPORATION, *et al.*,<br><br>        Defendants.<br>_____/ | No. C 11-00888 LB<br><br>**ORDER RE JOINT 2/22/2012 DISCOVERY LETTER**<br><br>[ECF No. 42] |

## I. INTRODUCTION

On February 22, 2012, Plaintiff William Hamilton and Defendant RadioShack Corporation filed a joint discovery letter that detailed disputes regarding (1) a Federal Rule of Civil Procedure 30(b)(6) deposition and (2) the propriety of Plaintiff conducting discovery regarding complaints made against Basem Aybef, a former RadioShack regional manager. Joint 2/22/2012 Discovery Letter, ECF No. 42 at 1. Specifically, Plaintiff asks the court to direct Defendant to produce a further witness to testify as its person most knowledgeable as to the issues of complaints made by employees, including Plaintiff, about Aybef and any related investigations. *Id.* Defendant asks the court to allow the parties a full opportunity to brief whether the complaints against Aybef are relevant so that the court can provide guidance as to the permissible scope of discovery based on the facts of this particular case and the applicable law. *Id.* at 4. After conducting a hearing on the issues, the court denies without prejudice Plaintiff's and Defendant's requests.

///

## II. DISCUSSION

### A. **Rule 30(b)(6) Deposition**

Federal Rule of Civil Procedure 30(a)(1) provides that, subject to certain limitations, "[a] party may, by oral questions, depose any person, including a party, without leave of court . . . ." "In its notice or subpoena, a party may name as the deponent a public or private corporation, a partnership, an association, a governmental agency, or other entity and must describe with reasonable particularity the matters for examination. The named organization must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify." Fed. R. Civ. P. 30(b)(6). "The corporation has a duty to educate its witnesses so they are prepared to fully answer the questions posed at the deposition." *Bowoto v. ChevronTexaco Corp.*, No. C 99-02506 SI, 2006 WL 294799, at *1 (N.D. Cal. Feb. 7, 2006) (citing *In re Vitamins Antitrust Litig.*, 216 F.R.D. 168, 172 (D.D.C. 2003)).

In mid-December 2011, Plaintiff conducted a deposition of Melissa Flores, a Regional Human Resources Manager. Joint 2/22/2012 Discovery Letter, ECF No. 42 at 1. Plaintiff sought information about complaints against Aybef and any investigations related to those complaints. *Id.* at 2. Plaintiff explains that the complaints are relevant because he anticipates that Defendant will argue that it throughly investigated any complaints against Aybef and that they were without merit. *Id.* Plaintiff further argues that his informal discovery has revealed that several complainants specifically complained of harassment or discrimination based on a protected characteristic. *Id.* at 2-3. Plaintiff admits that Flores—who had been hired only six months earlier—spoke with Carlos Juarez, who is the Director of Human Resources, about the topic. *Id.* at 2. However, Plaintiff contends that Flores was unable to provide any information as to the core, critical aspects of the investigations. *Id.* Plaintiff claims that one example of Flores's lack of preparation was with regard to the investigation of Plaintiff's claim, which was investigated by Shaan Smith, a former employee. *Id.* at 3.

Defendant argues that the complaints are not relevant because the complaints do not discuss discriminatory intent. *Id.* at 3. Defendant further argues that Aybef had nothing to do with the firing

C 11-00888 LB
ORDER RE DISCOVERY LETTER        2

of Plaintiff. *Id.* at 3-4. More directly on point, Defendant claims that Flores was prepared to articulate Defendant's position on various issues but that Plaintiff stopped Flores from answering where RadioShack did not have a specific "corporate memory" but attempted to share its considered opinion and position. *Id.* at 4-5. RadioShack contends that it did not have to prepare Flores with witnesses—such its former employee Smith—that it alleges are outside of its control. *Id.* at 5 (citing *In re Ski Train Fire of November 11, 2000 Kaprun Austria*, No. MDL 1428(SAS)THK, 2006 WL 1328259 (S.D.N.Y. May 16, 2006). At the hearing, Defendant explained that it had contacted Smith but was unable to secure her cooperation.

As discussed at the initial hearing, the court views the complaints against Aybef as relevant—particularly given Plaintiff's representations that some complainants alleged harassment or discrimination based on protected characteristics—and discoverable, even if they may ultimately be of limited probative value.

As to the reasonableness of Flores's responses, the excerpts of the deposition transcript suggest that both parties are partially right. Flores did not appear completely prepared. But Plaintiff too quickly refused to let Flores set forth Defendant's positions, which might have had legitimate bases.

More generally, courts have grappled with defining the parameters of a corporation's duty to contact former employees to prepare a Rule 30(b)(6) witness. *See, e.g., Cupp v. Edward D. Jones & Co. L.P.*, No. 06-CV-145-GKF-SAJ, 2007 WL 982336, at *1-*2 (N.D. Okla. Mar. 29, 2007). A significant number of courts have observed that, if a corporation no longer employs anyone knowledgeable about the subject matter, it must prepare a representative to testify at the deposition and this might require seeking the assistance of former employees. *See* Cal. Prac. Guide Fed. Civ. Pro. Before Trial Ch. 11(IV)-A ¶ 11:1415.1 (citing *Sprint Communications Co., L.P. v. Theglobe.com, Inc.*, 236 FRD 524, 527-528 (D.Kan. 2006); *United States v. Taylor*, 166 FRD 356, 362 (M.D.N.C. 1996)); *Great American Ins. Co. of New York v. Vegas Const. Co., Inc.*, 251 F.R.D. 534, 549 (D. Nev. 2008).

As discussed at the hearing, given the facts and stage of this case, the court believes that the issue as to whether Plaintiff's are entitled to a further Rule 30(b)(6) deposition will be better illuminated after Aybef and Smith are deposed. If a further Rule 30(b)(6) deposition is required, the

1  court observes that the parties discussed whether Flores or Juarez would be more appropriate.
2  Regardless as to who is designated as Defendant's Rule 30(b)(6) witness, the witness must be
3  prepared—and permitted—to answer questions on the noticed topics. The court expects that the
4  parties will be able to work out the scheduling for a further Rule 30(b)(6) deposition without the
5  court's assistance.

## B. The Propriety of Plaintiff Conducting Discovery Regarding Complaints Against Aybef

7  Defendant asked the court to allow the parties a full opportunity to brief whether the complaints
8  against Aybef are relevant so that the court can provide guidance as to the permissible scope of
9  discovery based on the facts of this particular case and the applicable law. Joint 2/22/2012
10  Discovery Letter, ECF No. 42 at 4. Plaintiff opposes Defendant's request, arguing that the court has
11  already decided whether the complaints against Aybef are relevant and that the parties have not yet
12  met and conferred about the issue. *Id.* at 1. Defendant claims that the court has not already decided
13  the relevance issue but, instead, simply ordered RadioShack to produce all of the Aybef complaints.
14  *Id.* at 4. Defendant also claims that, in connection with both the preparation of the joint case
15  management conference statement and the 2/22/2012 discovery letter, there had been extensive
16  communication between the parties on various facets of this issue, with no resolution. *Id.*

17  In its earlier order, the court ordered Defendant to produce complaints against Aybef from the
18  last ten years must be produced because the complaints filed against Aybef within the past ten years
19  *are relevant* and the information contained within might be necessary for the fair resolution of the
20  case, RadioShack did not establish that producing these complaints would be unduly burdensome
21  and the law favors resolving doubts as to relevance in favor of permitting discovery. Order, ECF
22  No. 33 at 2-3; *see Ceramic Corp. of America v. Inka Mar. Corp.*, 163 F.R.D. 584, 589 (C.D. Cal.
23  1995) ("In recent years, the courts have routinely ordered the production of personnel files of third
24  parties in employment discrimination and police brutality cases.").

25  But, as discussed at the initial discovery hearing, the court also was concerned with Rule 26's
26  proportionality requirement. Thus, Defendant may challenge particular discovery requests related to
27  the already-disclosed complaints based on proportionality concerns, which implicate both relevance
28  and burden considerations. In this instance, Defendant did not illuminate the burden issue but,

instead, primarily repeated its high-level arguments about relevance. And, as to future disputes, Defendant does not explain why the joint letter process is not sufficient for dealing with this issue.

### III.  CONCLUSION

For the foregoing reasons, the court **DENIES** without prejudice Plaintiff's request that Defendant produce a further witness to testify as its person most knowledgeable as to the issues of complaints made by employees, including Plaintiff, about Aybef and any related investigations. If Plaintiff determines that it still needs a further Rule 30(b)(6) deposition after taking the depositions of Aybef and Smith, it may raise the issue again then. The court further **ORDERS** the parties to utilize the discovery-dispute process set forth in the court's standing order if Defendant wishes to challenge a particular request based on its view that discovery related to third-party complaints against Aybef has limited or no probative value and is burdensome to produce

**IT IS SO ORDERED.**

Dated: March 9, 2012

_____
LAUREL BEELER
United States Magistrate Judge