UNITED STATES DISTRICT COURT

Northern District of California

Oakland Division

| | |
|---|---|
| WILLIAM HAMILTON, | No. C 11-00888 LB |
| Plaintiff, | **ORDER RE JOINT 3/13/2012 DISCOVERY LETTER** |
| v. | |
| RADIOSHACK CORPORATION, *et al.*, | [ECF No. 47] |
| Defendants. | |

## I. INTRODUCTION

On March 13, 2012, Plaintiff William Hamilton and Defendant RadioShack Corporation filed a joint discovery letter that detailed disputes regarding (1) Plaintiff's requested extension of the expert discovery deadlines; (2) Defendant's issues regarding the depositions of Basem Aybef and Donna Ocampo; and (3) Plaintiff's alleged failure to provide supplemental discovery responses, documents, and a privilege log. Joint 3/13/2012 Discovery Letter, ECF No. 47 at 1, 4-5.

## II. DISCUSSION

### A. Expert Discovery Deadlines

Plaintiff requests that the court extend the expert discovery deadline to June 1, 2012. *Id.* at 1. Defendant opposes this request. *Id.* at 3.

Plaintiff argues that he needs more time because he limited discovery prior to the failed February 2012 mediation and is still conducting fact discovery that is a necessary prerequisite to the expert discovery. *Id.* at 1-2. He asserts certain difficulties in obtaining fact discovery and concerns about

1  hypothetical future problems. *Id.* at 2. Additionally, Plaintiff claims that Defendant will not be
2  prejudiced and, instead, is attempting to stop Plaintiff from developing his case. *Id.*

3    A scheduling order may be modified only for good cause. Fed. R. Civ. P. 16(b). This "good
4  cause" standard primarily considers the diligence of the party seeking the amendment. *Johnson v.*
5  *Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). In this case, the parties requested
6  the expert discovery deadlines that were later ordered by the court. *See* Joint CMC Statement, ECF
7  No. 32 at 7. And these deadlines have been set since October 31, 2011. *See* Case Management
8  Scheduling Order, ECF No. 34 at 2. Plaintiff appears to have delayed in seeking fact discovery for
9  about a month after the unsuccessful February 2012 mediation and filed this letter just two days
10 before the first expert discovery deadline. Given this context, the court finds that Plaintiff did not
11 establish good cause to extend the discovery deadline to June 1, 2012. The court, however, finds
12 that Defendant's proposed compromise is fair.

### B. Other Issues

14 Defendant raises concerns regarding the depositions of Basem Aybef and Donna Ocampo and
15 Plaintiff's alleged failure to provide supplemental discovery responses, documents, and a privilege
16 log. Joint 3/13/2012 Discovery Letter, ECF No. 47 at 4-5. Plaintiff argues that when Plaintiff's
17 counsel drafted this letter and presented it to Defendant one week ago, it was clear that it related to
18 the single issue of the disclosure date. *Id.* at 2. The parties must meet and confer and submit a
19 separate joint letter as to these issues.

20 The court, however, orders Plaintiff's counsel having full authority to determine the issues must
21 attend. If this requires both of Plaintiff's attorneys to attend the meet-and-confer session, the court
22 so orders it.

### III. CONCLUSION

24 For the foregoing reasons, the court **ORDERS** that the expert disclosures are now due on May 1,
25 2012; rebuttal experts must be disclosed by May 15, 2012; and expert depositions must be
26 completed by June 8, 2012. The issues raised by Defendant must be submitted in a separate joint
27 discovery letter following an in-person meet-and-confer session in which Plaintiff's counsel having
28 full authority to determine the issues attends.

C 11-00888 LB
ORDER RE DISCOVERY LETTER         2

**UNITED STATES DISTRICT COURT**
For the Northern District of California

1   This disposes of ECF No. 47.

2   **IT IS SO ORDERED.**

3   Dated: March 26, 2012

4   _____
    LAUREL BEELER
    United States Magistrate Judge