UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| WILLIAM HAMILTON, | No. C 11-00888 LB |
| Plaintiff, | **ORDER** |
| v. | [ECF No. 70] |
| RADIOSHACK CORPORATION, *et al.*, | |
| Defendants. | |

On June 8, 2012, the parties submitted a joint letter outlining their positions on a discovery dispute. ECF No. 70.[1] Plaintiff seeks to compel Defendants to produce documents regarding the pool of applicants from within and outside RadioShack who were considered to replace Store Managers.

**I. The Parties' Positions**

As a threshold matter, RadioShack argues that the court should not consider Plaintiff's request because he failed to comply with the discovery deadlines in this case. ECF No. 70 at 3. Specifically, Plaintiff failed to provide any expert disclosures by the May 29, 2012 deadline. In its June 11, 2012 Order, the court "extended fact discovery (and related expert discovery) to reflect that Ms. Ocampo has not been deposed and to allow resolution of the existing discovery disputes." ECF No. 72 at 2. Accordingly, the court proceeds to the merits of the dispute.

---

[1] Citations are to the Electronic Case File ("ECF") with pin cites to the electronic page number at the top, not the pages on the bottom.

C 11-00888 LB
ORDER

**A. Plaintiff's Position**

On February 13, 2012, Plaintiff propounded document requests that sought information related to the applicant pool from which replacement mangers were chosen. Plaintiff also noticed a 30(b)(6) deposition "regarding the replacement of older store managers with substantially younger individuals." *Id.* at 1. According to Plaintiff, RadioShack refuses to produce documents or permit deposition testimony on this topic on the grounds that such statistical evidence of discrimination is irrelevant.

Plaintiff argues that statistical evidence is relevant for establishing a discriminatory pattern or practice and that "such a pattern may create an inference of discriminatory intent with respect to the individual employment decisions at issue." *Id.* (Citing Cal. Prac. Guide Employment Litig. Ch. 8:130). Plaintiff relies on and discusses several cases that stand for the same proposition: *Schechner v. KPIX-TV*, No. 11-15294, 2012 WL 1922088 (9th Cir. May 29, 2012); *Diaz v. Am. Tel. & Tel.*, 752 F.2d 1356, 1362 (9th Cir. 1985); *Fallis v. Kerr-McGee Corp.*, 944 F.2d 743, 746 (10th Cir. 1991). ECF No. 70 at 1-2.

Plaintiff suggests that, as in the cited cases, statistical evidence is relevant to show discriminatory intent. Plaintiff also claims that for he and his expert "to analyze whether the replacement of older store managers with substantially younger man[a]gers is suggestive of a bias against older workers, plaintiff must necessarily know the ages of the members of the pool from which the replacements were picked." *Id.*

Plaintiff also suggests that in the alternative to submitting the documents requested, it would be satisfied if RadioShack were to stipulate that: (a) it will not offer evidence at trial regarding the experience, qualifications, or age of the pool from which store managers were selected and (b) that the pool of applicants from which the store managers were selected was comprised of a cross section of the workforce in terms of age. *Id.* at 2. He says that RadioShack has been unwilling to agree to these stipulations.

Finally, Plaintiff states that it is "extremely dubious" about RadioShack's undue burden claims because, as a government contractor, federal regulations required RadioShack to preserve personnel records for two years after they were made.

**B. RadioShack's Position**

RadioShack makes two main arguments: the documents Plaintiff requests are irrelevant and it is unduly burdensome to produce them.

RadioShack's relevance argument hinges on the distinction between termination or retention practices and applicant data. RadioShack argues that Plaintiff has all the information needed regarding termination and retention practices and that applicant information has no relevance to Plaintiff's claims. ECF No. 70 at 4. Plaintiff's cited cases do not support the proposition that statistical data regarding an applicant pool is relevant in a termination case: RadioShack points out that, for example, *Diaz v. AT&T* involves a failure to promote claim, "and thus has no bearing on the issues raised in this case." ECF No. 70at 4. Similarly, RadioShack argues, *Fallis v. Kerr-McGee* is a termination case, and the data at issue there dealt only with terminations and not with applicant data. *Id.* (noting that the court in *Fallis* questioned the value of the statistical data at issue given the small sample size, a concern that RadioShack contends is equally applicable here). RadioShack also objects to Plaintiff's request to the extent that it seeks information about events that occurred after his employment ended. *Id.*

RadioShack also argues that the information Plaintiff seeks would be unduly burdensome to produce. Prior to October 10, 2010, the vendor that RadioShack employed can search applications only by name, not by store number, geographic locations, or position sought. *Id.* at 5. Starting October 1, 2010, RadioShack began using a new vendor who can sort applications by position and locations. *Id.* Since Plaintiff had already been terminated by this time, however, RadioShack contends that this information is irrelevant. *Id.* Moreover, the applicant data is unlikely to contain information about the age of applicants because RadioShack is prohibited from soliciting such information by the Fair Employment and Housing Act. *Id.* In sum, RadioShack argues that the applicant data would be extremely burdensome but would not provide Plaintiff with the information he seeks.

Finally, RadioShack disputes Plaintiff's characterization of its unwillingness to stipulate to certain facts. RadioShack has represented to Plaintiff that it has no intention of using applicant data in this case and that should be sufficient for Plaintiff.

## II. Legal Standard

Parties are entitled to obtain discovery of matters "relevant to the claim or defense of any party." Fed. R. Civ. P. 26(b)(1). Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. *Id.* Under the Federal Rules, the court may limit the extent of discovery if it determines that:

- The discovery sought is unreasonably cumulative or duplicative;
- The discovery sought could be obtained from another source that is more convenient, less burdensome, or less expensive;
- The party seeking discovery has ample opportunity to obtain the information; or
- The burden or expense of the proposed discovery outweighs its likely benefit taking into account the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

Fed. R. Civ. P. 26(b)(2). The court will address each factor in turn.

## III. Discussion

The court first turns to the question of whether the statistical data is relevant. The parties agree that statistical data – generally – is relevant to this matter. Their dispute is limited to the narrow question of whether statistical data of the pool of applicants for Store Manager positions is relevant to showing discriminatory intent.

The court disagrees with RadioShack's statement that applicant data is not relevant where "the sole question is whether the Plaintiff was terminated based on his age." ECF No. 70 at 4. Plaintiff's authority stands for the broader proposition that statistical information may create an inference about the individual employment decision at issue. Schwarzer, Tashima & Wagstaffe, CAL. PRAC. GUIDE: EMPLOYMENT LITIGATION 8:130 (The Rutter Group 2012). Whether that data is based on termination or failure to promote strikes the court as an unimportant distinction, particularly when the question is merely whether the information is discoverable. As the Ninth Circuit recently pointed out in *Schechner v. KPIX-TV*, "a plaintiff who relies on statistical evidence to establish a prima facie case of disparate treatment bears a relatively low burden of proof." 2012 WL 1922088 at *2. Accordingly, at this stage of the case, the court finds that the information sought

is relevant.

RadioShack's burden argument, however, bears further consideration. RadioShack does not have store-specific information on applications submitted before October 10, 2010. ECF No. 70 at 5. As RadioShack's counsel represented at the June 18, 2012, telephonic hearing, it would be unable to produce applications from this period that were specific to the district in which Hamilton worked. Even if it were, counsel represented at the hearing that the applications do not contain any age information. Based on counsel's representations, RadioShack has established that producing the applications submitted to its pre-October 10, 2010 vendor would be unduly burdensome.

After RadioShack switched vendors, however, it can produce store specific information. RadioShack still contends that it is "unlikely" that the applicant data has age information, but has failed to articulate any burden in producing the records. Furthermore, the court does not agree with RadioShack that information regarding events after Hamilton's June 2010 termination has no bearing on this case. Assuming for the sake of argument that Plaintiff was to find evidence of discrimination in the applicant data, it is doubtful that such conduct would instantly cease upon Hamilton's termination. Accordingly, the court ORDERS RadioShack to produce all application data that is stored with its newer vendor that pertains to the relevant district.

At the June 18, 2012 telephonic hearing, the parties drew a further distinction between application data stored by RadioShack's outside vendors and that stored by RadioShack itself. RadioShack did not indicate that it would be burdensome to produce information in its possession regarding the ages of the pool of employees eligible for promotion. Accordingly, to the extent RadioShack has information relevant to determining the ages of employees who were eligible for promotion in the relevant district, including information regarding those employees' success in obtaining promotions, the court ORDERS RadioShack to produce that information.

This disposes of ECF No. 70

**IT IS SO ORDERED.**

Dated: June 18, 2012

LAUREL BEELER
United States Magistrate Judge